UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DONALD JUNIOR MCCRAY,

                Petitioner,

v.                                                       9:00-CV-0885
                                                       (TJM/GHL)

SUPERINTENDENT, Collins Correctional Facility,

                Respondent.

APPEARANCES:                                     OF COUNSEL:

DONALD JUNIOR MCCRAY, 97-A-0738
Petitioner *Pro Se*
Marcy Correctional Facility
Box 3600
Marcy, New York 13403-3600

HON. ELIOT SPITZER                             MARIA MORAN, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Respondent
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION[1]

### I.    INTRODUCTION

Petitioner *pro se* Donald Junior McCray brings this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Respondent has answered the Petition and argues that the relief sought should be denied and the Petition dismissed for Petitioner's failure to exhaust his available state court remedies. Dkt. No. 16. For the reasons set forth below, the Court agrees

---

[1] This matter has been referred to the undersigned for Report and Recommendation by the Honorable Thomas J. McAvoy, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

with Respondent and recommends dismissal of the Petition.

**II.    FACTS**

On October 21, 1998, a Cayuga County Court jury found Petitioner guilty of assault in the second degree. Dkt. No. 16, Ex. 6. Prior to his sentencing, Petitioner filed a motion to set aside the verdict pursuant to New York Criminal Procedure Law section 330.30. Dkt. No. 16, Ex. 3. The motion was denied on January 25, 1999. Dkt. No. 16, Ex. 7.

On January 12, 1999, Petitioner was sentenced to three and one-half to seven years imprisonment, to be served consecutive to an earlier unrelated sentence. Dkt. No. 16, Exs. 2, 6. On that same date, the trial attorney assigned to represent Petitioner filed a notice of appeal to the Appellate Division, Fourth Department. Dkt. No. 16, Ex. 6. On June 14, 1999, the Fourth Department granted Petitioner leave to prosecute his appeal as a poor person and ordered the Clerk of the County of Cayuga to furnish Petitioner with copies of all papers and transcript(s) of stenographic minutes of all proceedings. Dkt. No. 16, Ex. 16.

There is nothing in the record to show that Petitioner perfected his appeal or took any steps beyond the filing of the notice of appeal.[2]

**III.    DISCUSSION**

28 U.S.C. § 2254 requires state prisoners to exhaust all available state court remedies prior to filing a section 2254 petition. 28 U.S.C § 2254 (2004); *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d. Cir. 1997); and *Jenkins v. Duncan*, Civ.

---

[2] The Court notes that the record contains evidence of various post-conviction state court proceedings. Dkt. No. 16, Exs. 8, 14, 15, 17-20. However, none of these were in regard to Petitioner's appeal of his conviction; instead they concerned Petitioner's request for attorney's fees for his *pro se* representation at trial and sentencing.

No. 02-673, 2003 U.S. Dist. LEXIS 16252, at *8 (N.D.N.Y. Sept. 16, 2003) (Sharpe, M.J.).

Specifically, that statue provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (2004).

"A claim is deemed to be exhausted when the substance of [a petitioner's] federal claims has been presented to the highest court of the pertinent state." *Copeland v. Walker*, 258 F. Supp. 2d 105, 141-142 (E.D.N.Y. 2003) (internal quotation marks and citation omitted); *see also Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994). Here, the exhaustion requirement has not been met because there is nothing in the record before this Court to indicate that Petitioner took any steps beyond filing a notice of appeal to the Appellate Division.

Even though Petitioner has failed to exhaust his state court remedies, the Court must examine the exceptions to the exhaustion requirement, as codified by section 2254(b)(1)(B)(i) and (ii). Specifically, the Court must consider whether there is an absence of available State corrective process (e.g., where there is no further state proceeding for a petitioner to pursue) or whether circumstances exist that render such process ineffective to protect the rights of the applicant (e.g. where further pursuit would be futile). 28 U.S.C. § 2254(b)(1); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).

In this case, Petitioner appears to have the right to return to state court to perfect his appeal. Section 1000.12 of the Fourth Department's Rules of Practice (as set forth in Title 22 of

the New York Official Compilation of Codes, Rules and Regulations) specifically addresses dismissal of appeals for failure to perfect. "A motion to dismiss for failure to perfect an appeal may be made pursuant to section 1000.13(e) of this Part when an appellant has failed to perfect an appeal within 60 days of service of the notice of appeal." 22 N.Y.C.R.R. § 1000.12(a) (2004). Here, no such dismissal motion was made. Furthermore,

> A *civil* appeal, except an appeal taken pursuant to the Family Court Act in which this court has assigned counsel, shall be deemed abandoned and dismissed, without the necessity of an order or motion, when an appellant has failed to perfect an appeal within nine months of service of the notice to appeal. A motion to vacate such an abandonment and dismissal may be made pursuant to section 1000.13(g) of this Part.

22 N.Y.C.R.R. § 1000.12(b) (2004) (emphasis added). Notably absent from this – or any rule of the Fourth Department – is a reference to a criminal appeal being deemed abandoned and dismissed.[3]

In summary, Petitioner has failed to exhaust his state court remedies, and these remedies are available to him.

Under these circumstances it might be argued that the Petition should be stayed while Petitioner exhausts his state court remedies. However, here there are no exhausted claims, thus distinguishing this case from *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001) (district courts have authority to stay a "mixed" petition while state court remedies of unexhausted claims are

---

[3] This Court recognizes that the state courts ultimately might determine that Petitioner's delay in perfecting his appeal and his corresponding conduct (see footnote 2 above) constitute abandonment, leading to dismissal of the appeal. Nevertheless this state court process, including presentment of his claims to the New York Court of Appeals, should be pursued before this Court can find that Petitioner has exhausted available state procedures. *People v. West*, 100 N.Y. 2d 23, 759 N.Y.S. 2d 437 (2003); *Pesina v. Johnson*, 913 F.2d 53 (2d Cir. 1990).

pursued). In addition, the timeliness of any subsequent habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996, appears not to be a concern here. Since, for the reasons stated above, Petitioner's ability to pursue his appeal to the Appellate Division remains viable, the one year statute of limitations to file a habeas petition would not appear to have begun to run. Furthermore, if Petitioner's claims in the state courts are unsuccessful, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."). *See also Gandarilla v. Artuz*, 322 F.3d 182, 185-876 (2d Cir. 2003) (citing *Slack*) and *Bell v. Murray*, 340 F. Supp. 2d 323, 328 (W.D.N.Y. 2004).

> Finally, this Court agrees that federal courts should not
>> be turned into a "jurisdictional parking lot" for unexhausted claims. *Baity v. McCary*, Civ. No. 02-1817, 2002 U.S. Dist. LEXIS 20861, at *5 (S.D.N.Y. Oct. 31, 2002) (internal citations omitted). Such a holding would undermine the spirit of the Supreme Court's holdings in both *Coleman* and *Duncan*, which encourage habeas petitioners to exhaust their claims before coming to federal court. *Id.* at *4.

*Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y., 2004)

**WHEREFORE**, based upon the foregoing, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be dismissed in its entirety for failure to exhaust available state court remedies.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs*. 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: December 10, 2004
      Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge